**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LARRY WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:24-cv-01568-HEA |
| | ) |
| F.B.I. DIRECTOR, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented petitioner Larry White's filing titled "Application/Request for Mandamus to Enforce Crime Vict[i]ms Rights . . . Request to Enforce Mandamus Within 72 Hours." Petitioner brings this case against "F.B.I. Director," seeking an order of mandamus to collect photographs, fingerprints, and DNA from various individuals. Petitioner alleges he knows of a criminal conspiracy occurring in St. Joseph, Missouri, which is located in Buchanan County in the Western District of Missouri. Petitioner is incarcerated in Tipton Correctional Center in Tipton, Missouri, which is located in Moniteau County in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events giving rise to petitioner's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to dismiss this action. The claims made in petitioner's application involve murders, cover-ups, stolen identities, organized criminal networks, repressed memories, large inheritances, forced-feedings of poisons, and an individual wearing a disguise to look "half-n-half like David Herrason." It is unlikely petitioner's allegations would survive initial review under 28 U.S.C. § 1915(e)(2)(b). *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). If petitioner seeks to continue this litigation, he may refile his case in the correct venue, the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed without prepayment of fees and costs is provisionally **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel is **DENIED as moot**. [ECF No. 5]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 10th day of December, 2024.

                                      HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE